**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**ROBERT HULL, ET AL,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　**CASE NO. 1:08CV210-MP/AK**

**GEORGE BUSH, et al,**

    **Defendants.**

    _____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause on behalf of himself and his family against a number of "heads of state" because he deems it necessary "to encompass all subordinates" in his claims of being held against his will at the North Florida Evaluation and Treatment Center. (Doc. 12). Although he admits that he was transferred there by Order of Judge Volz in Lee County, he contends that he is being held without due process and he seeks relief by his release on bail, that his tooth be replaced, that he be given his "central record," and he would like access to his bank account. (Doc. 12, p. 7). His original complaint was so vague that the Court could not adequately review, except to determine that he must provide more details, and this represents his attempt to comply. (See Doc. 9).

The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a

case filed *in forma pauperis* (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the action was frivolous or malicious.[1]  <u>Neitzke</u> recognized two types of cases which may be dismissed, *sua sponte*.  In the first class are "claim(s) based on an indisputably meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless."  <u>Id.</u>  Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit.  Within the latter are those cases describing scenarios clearly removed from reality.  <u>Sultenfuss v. Snow</u>, 894 F.2d 1277 (11th Cir. 1990)(citing <u>Neitzke</u>).

 Plaintiff in the case at bar has presented conclusory allegations that are clearly removed from reality.  He admits that he has been placed in NFETC by court order, but contends still that the president and the governor and others are liable for the "snafu" that has resulted in his being detained without "rational process." No Defendant should be put to the expense of answering such a complaint, and there is no reason to permit Plaintiff to file another amended complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

---

[1] 28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.

**No. 1:08cv210-MP/AK**

amended complaint (doc. 12) be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this **13th** day of January, 2009.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:08cv210-MP/AK**